# EXHIBIT 1

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU-2020-CV-2196**

DEC 17, 2020 10:19 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CHERRY PEASE, | * | |
| | * | CIVIL ACTION FILE NO. |
| Plaintiff, | * | SU-2020-CV-2196 |
| | * | |
| vs. | * | |
| | * | |
| TIGER CREEK DEVELOPMENT, INC., | * | |
| AND DAVID ERICKSON, | * | |
| | * | |
| Defendants. | * | |
| ———————————————————— | * | |
| | * | |
| TIGER CREEK DEVELOPMENT, INC., | * | |
| | * | |
| Third-Party Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| EDDIE BROWN GRADING, LLC., | * | |
| | * | |
| Third-Party Defendant. | * | |

## DEFENDANT TIGER CREEK DEVELOPMENT, INC.'S THIRD-PARTY COMPLAINT AGAINST EDDIE BROWN GRADING, LLC

COMES NOW Tiger Creek Development, Inc. ("Tiger Creek") and files this Third-Party Complaint against Eddie Brown Grading, LLC ("Eddie Brown Grading"), showing the Court as follows:

1.

Defendant Tiger Creek is a domestic corporation formed under the laws of the State of Georgia having its principal place of business in Columbus, Georgia.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

2.

Third-Party Defendant Eddie Brown Grading, LLC is a limited liability company authorized to transact business in the State of Georgia and may be served with process on its Member and company officer Eddie Brown at 2301 Airport Thruway, Suite E-6, Columbus, Muscogee County, Georgia, 31904.

3.

A copy of all pleadings filed prior to the filing of this Third-Party Complaint will be served with this Third-Party Complaint and are attached hereto as Exhibit A.

4.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 9-10-34 and 9-11-14.

5.

Tiger Creek is the owner developer of the residential subdivision property known as Charleston Place Phase III which is the subject of Plaintiff's Complaint in this action.

6.

Tiger Creek contracted with Eddie Brown Grading to perform the site development work at Charleston Place Phase III ("the Project") which included, in part, installation and maintenance of erosion controls in conjunction with the

clearing and grading of land and construction of underground utilities.

7.

On November 5, 2020, Plaintiff Cherry Pease filed a Complaint alleging that her property located on Blackmon Road in Muscogee County has sustained damage as a result of negligent actions of Tiger Creek.

8.

Specifically, Plaintiff alleged that "[o]n or about the first week of May, 2020, in preparation for the development of a new subdivision containing 40 new lots, Defendants negligently began to clear the trees and vegetation from the Tiger Creek property which allowed sand or top soil which had been stockpiled on the Tiger Creek property to be washed downhill toward Plaintiff's property and into the creek which feeds Plaintiff's pond", and "[f]rom there the sand or topsoil was washed into Plaintiff's pond where it remains as an unwanted deposit in the mouth of Plaintiff's pond."

9.

Plaintiff also alleged that "Defendants negligently continued to clear and grub the entire hillside on the Tiger Creek property, exposing the red clay topsoil to rain and storm water runoff", and "[i]nstead of first clearing

only the area necessary to install the required storm water detention Facilities or mulching the exposed red clay hillside, Defendants relied on a double walled silt fence to control the volume of storm water washing downhill toward Plaintiff's property."

### 10.

Plaintiff further alleged that "Plaintiff sustained damage to her property" and Plaintiff seeks to recover "the cost of repairing and restoring her pond and the stream feeding her pond on her property" and "any discomfort, lost enjoyment, and loss of peace of mind caused by Defendants' actions described herein."

### 11.

To the extent Tiger Creek is found liable to Plaintiff in any amount, Eddie Brown Grading is liable to Tiger Creek in like amount pursuant to indemnity, contribution, and/or warranty.

WHEREFORE, Tiger Creek prays that this Court award judgment against Third-Party Defendant Eddie Brown Grading, LLC for all sums that may be adjudged against Tiger Creek in favor of Plaintiff, together with the costs of this action, and for any other such relief this Court deems to be just and proper.

Respectfully submitted, this 17th day of December, 2020.

MABRY & McCLELLAND, LLP


/s/ Richard H. Hill, Jr.
Richard H. Hill, Jr., Esq.
Georgia Bar No. 354422
Attorney for Defendants/Third-
Party Plaintiff Tiger Creek
Development, Inc.

2200 Century Parkway, N.E.
Suite 1000
Atlanta, Georgia 30305
(404) 325-4800
(404) 325-0596
rhill@m-mlegal.com

# Exhibit "A"

# SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY GEORGIA

**SU-2020-CV-2196**

NOV 05, 2020 10:33 AM

Danielle F. Forté
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER <u>SU-2020-CV-2196</u>

Pease, Cherry

_____

**PLAINTIFF**

VS.

Tiger Creek Development, Inc.
Erickson, David

_____

**DEFENDANTS**

### SUMMONS

TO: ERICKSON, DAVID

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Joseph L. Waldrep**
**Waldrep, Mullin & Callahan**
**P. O. Box 351**
**111 – 12th Street, Suite 300**
**Columbus, Georgia 31901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of November, 2020.**

Clerk of Superior Court

_____

Danielle F. Forté

Danielle F. Forté, Clerk
Muscogee County, Georgia

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU-2020-CV-2196**

NOV 05, 2020 10:33 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHERRY PEASE, | * | CIVIL ACTION |
| | * | |
| PLAINTIFF, | * | FILE NO.: _____ |
| | * | |
| VS. | * | |
| | * | |
| TIGER CREEK DEVELOPMENT, INC., | * | |
| AND DAVID ERICKSON, | * | |
| | * | |
| DEFENDANTS. | * | |

## COMPLAINT FOR DAMAGES

COMES NOW Cherry Newton Pease, Plaintiff in the above-styled matter, and brings this Complaint for Damages against Tiger Creek Development, Inc. (hereinafter "Tiger Creek") and David Erickson (hereinafter "Erickson") and shows to the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff, Cherry Newton Pease, is a resident of Columbus, Muscogee County, Georgia.

2.

Defendant, Tiger Creek Development, Inc. is a Georgia Corporation with its principal office and place of business at 2301 Airport Thruway, Columbus, Georgia 31904.

3.

Defendant David Erickson is the principal officer of Tiger Creek Development, Inc., and may be served at 2301 Airport Thruway, Columbus, Georgia 31904. He has managed and directed the development project which forms the basis of this complaint.

4.

Defendant Tiger Creek Development, Inc.'s registered office is located at 5704 Veterans Parkway, Columbus, Georgia. The Registered Agent at said address is Christopher L. Meacham.

5.

Both Tiger Creek Development, Inc. and David Erickson are subject to the jurisdiction of this Court.

6.

Venue is proper as to both Defendants.

## FACTS

7.

In June of 1970 Cherry Newton Pease and her deceased husband, J. Norman Pease, purchased 43+/- acres of undeveloped land on Blackmon Road in Muscogee County where they planned to build a home and perhaps a barn for a couple of horses, which Plaintiff hoped to enjoy.

8.

After years of hard work, Plaintiff and her husband built their home, a small barn and added a small pond which was fed by the headwaters of Cooper Creek. Their children were raised on the property and they, their children and grandchildren have enjoyed all that the place and the pond has had to offer.

9.

The aforementioned pond was approximately 1 acre in size and was located in a lovely wooded area toward the rear of Plaintiff's property. Plaintiff's husband stocked the pond with

fish and Plaintiff and her family enjoyed walking, picnicking, fishing and relaxing in the area around the pond.

10.

The pond was a beautiful, serene and pristine source of pride and pleasure for Plaintiff and her family until the wrongful acts of Defendants hereinafter complained of, which have caused her and her family concern, loss of peace of mind, loss of enjoyment, as well as uncertainty about what the future holds.

11.

Defendants are developers of major residential subdivisions in and around Columbus, Georgia, having developed numerous subdivisions in the area. Defendant Tiger Creek owns substantial acreage adjacent to Plaintiff's property on which her pond and part of the creek which feeds her pond are located.

12.

Defendant Erickson controls Defendant Tiger Creek. As such, both Defendant Erickson and Defendant Tiger Creek are, jointly and severally, responsible for acts and omissions of Tiger Creek.

**COUNT ONE**

**NEGLIGENCE**

13.

On or about the first week of May, 2020, in preparation for the development of a new subdivision containing 40 new lots, Defendants negligently began to clear the trees and vegetation from the Tiger Creek property which allowed sand or top soil which had been

stockpiled on the Tiger Creek property to be washed downhill toward Plaintiff's property and into the creek which feeds Plaintiff's pond.

14.

From there the sand or topsoil was washed into Plaintiff's pond where it remains as an unwanted deposit in the mouth of Plaintiff's pond.

15.

Defendants negligently continued to clear and grub the entire hillside on the Tiger Creek property, exposing the red clay topsoil to rain and storm water runoff.

16.

Instead of first clearing only the area necessary to install the required storm water detention Facilities or mulching the exposed red clay hillside, Defendants relied on a double walled silt fence to control the volume of storm water washing downhill toward Plaintiff's property.

17.

The Defendants knew or should have known that the silt fence was hopelessly inadequate to stop the volume and velocity of storm water leaving Defendant's site.

18.

On or about June 6, 2020 a rain event occurred and the volume of storm water runoff breeched the silt fence and storm water and the red clay sedimentation which it carried, washed into the creek that feeds Plaintiff's pond and into Plaintiff's pond causing it to become stained red and unsightly.

## COUNT TWO

### NEGLIGENCE PER SE

19.

Georgia's Erosion and Sedimentation Act provides that Best Management Practices shall be required for all land disturbing activities and that failure to properly design, install or maintain Best Management Practices shall constitute a violation of any land-disturbing permit issued by a local issuing authority.

20.

The Columbus, Georgia Code of Ordinances in Section 7.12.1, et. Seq., provides that all persons proposing development in the City shall prepare a stormwater management plan and that no final subdivision plat shall be approved and no development permit shall be issued until and unless the stormwater management site plan has been reviewed and approved by the Engineering Director of the City of Columbus.

21.

Defendant's Stormwater Management Plan, prepared by Bolt Engineering, Inc., was approved by the Engineering Department of the City of Columbus on February 16, 2020 and requires the following:

    a. Sediment storage and control shall be in place prior to and during all land disturbing activities;

    b. Erosion control measures will be maintained at all times, if full implementation of the approved plan does not provide for effective erosion control, additional erosion and control measures shall be implemented to control or treat the sediment course.

    c. Any disturbed area left exposed for a period greater than 14 days shall be stabilized with mulch or temporary seeding;

d.  The escape of sediment from the site shall be prevented by the installation of erosion control measures and practices prior to or concurrent with land disturbing activities; and,

e.  Due to the site discharging within the watershed and within one mile of an impaired stream, the following additional BMP's have been included as required by GAEPD.

      i.  All temporary sediment basins and retrofitted storm water management basins have been increased to store at least 134 CY per acre drained.

      ii.  Use anionic polyacrylamide (PAM) and/or mulch to stabilize areas left disturbed for more than seven (7) calendar days in accordance with Part III 3.1 of the NPDES permit.

      iii.  Conduct turbidity sampling after every rain event of 0.5 inches or greater within any 24-hour period recognizing the exceptions specified in Part IV D6d of the NPDES permits.

22.

By clearing, grubbing and leaving the red clay soil on the entire development site exposed to rain events days and weeks before installing the sediment basin required by the approved Stormwater Management Plan, Defendants failed to comply with their own Stormwater Management Plan and violated the Code of Ordinances of the City of Columbus, Georgia as well as Georgia's Erosion and Sedimentation Act. Such violations constitute negligence per se under the law of Georgia.

23.

Plaintiff sustained damages to her property: first, by Defendant's removal of vegetation from the slopes between her property and allowing a deposit of sand on Plaintiff's property to be washed downhill and into mouth of Plaintiff's pond; and, second, by clearing and grubbing Defendant's entire development site before installing the required sediment basin, allowing red clay sedimentation flow into and to stain Plaintiff's pond.

## COUNT THREE

### TRESPASS and NUISANCE

24.

Defendants actions as aforesaid have resulted in a continuing diversion of storm water and surface water onto plaintiff's property and into Plaintiff's pond constituting a continuing trespass and a continuing nuisance.

## DAMAGES

25.

As the result of Defendants (1) negligence, (2) negligence per se and (3) maintenance of a continuing trespass and nuisance, Plaintiff is entitled to recover each and all the following elements of damages which she has suffered and will suffer in the future. The amount of each element of damages is to be determined by the enlightened conscience of an impartial jury.

(a) Plaintiff is entitled to recover the cost of repairing and restoring her pond and the stream feeding her pond on her property to its condition prior to the storm water events and sand deposit and discoloration by clay sedimentation.

(b) Plaintiff is entitled to recover the future cost of repairing and restoring her pond resulting from any storm water event damaging or discoloring her pond in the future.

(c) Plaintiff is entitled to recover for any loss or diminution in the value of her property resulting from the Defendants actions described herein.

(d) Plaintiff is entitled to recover for any discomfort, lost enjoyment, and loss of peace of mind caused by Defendants' actions described herein.

(e) Plaintiff is entitled to recover nominal damages.

(f) Plaintiff is entitled to recover her attorney's fees.

(g) Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays as follows:

(a) That Defendants be served with this Complaint with Summons attached;

(b) That Defendants be served with the attached Request for Production;

(c) That Plaintiff recover from Defendants all elements of damages, plus attorney's fees and punitive damages;

(d) That Plaintiff recover costs of this action;

(e) That Plaintiff have a trial by jury; and

(f) For such other and further relief as may appear just and equitable in the premises.

Respectfully submitted this 5th day of November, 2020.

**WALDREP, MULLIN & CALLAHAN, LLC.**

By:  /s/ Joseph L. Waldrep
Joseph L. Waldrep
State Bar No.: 730900
Morgan P. Waldrep
State Bar No.: 145039
P. O. Box 351
Columbus, GA 31902
(706) 320-0600
jlw@waldrepmullin.com
mpw@waldrepmullin.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU-2020-CV-2196**

DEC 10, 2020 04:30 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CHERRY PEASE, | * | |
| | * | CIVIL ACTION FILE NO. |
| Plaintiff, | * | SU-2020-CV-2196 |
| | * | |
| vs. | * | |
| | * | |
| TIGER CREEK DEVELOPMENT, INC., | * | |
| AND DAVID ERICKSON, | * | |
| | * | |
| Defendants. | * | |

### ANSWER AND DEFENSES OF TIGER CREEK DEVELOPMENT, INC. AND DAVID ERICKSON TO PLAINTIFF'S COMPLAINT

COME NOW TIGER CREEK DEVELOPMENT, INC. AND DAVID ERICKSON, named Defendants in the above-styled case, and file the following Answer and Defenses to Plaintiff's Complaint, and respectfully show the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against the Defendants upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, the Defendants answer the numbered paragraphs of the Complaint as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

2.

Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.

Defendants admit the allegations contained in the first sentence of Paragraph 3 of the Complaint, and Defendants deny the allegations contained in the second sentence of Paragraph 3 of the Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.

Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.

Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, cannot admit or deny same.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, cannot admit or deny same.

10.

Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.

Defendants deny as pled the allegations contained in Paragraph 11 of the Complaint, and in further response, Tiger Creek Development, Inc. is a company that develops residential subdivisions in and around Columbus, Georgia, including the Charleston Place subdivision property which it owns and is located adjacent to the Plaintiff's property.

12.

Defendants deny as pled the allegations contained in the first sentence Paragraph 12 of the Complaint, and in

further response, David Erickson is a corporate officer of Tiger Creek Development, Inc. and performs the administrative duties of Chief Executive & Financial Officer of the company. Defendants deny the allegations contained in the second sentence of Paragraph 12 of the Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

19.

Defendants deny as pled the allegations contained in Paragraph 19 of the Complaint, and in further response, Plaintiff's statement is an incomplete reference to only a portion of the Georgia Erosion and Sedimentation Act which, in its entirety and without modification, speaks for itself.

20.

Defendants deny as pled the allegations contained in Paragraph 20 of the Complaint, and in further response, Plaintiff's statement is an incomplete reference to only a portion of the Columbus, Georgia Code of Ordinances Section 7.12.1, et. seq. which, in its entirety and without modification, speaks for itself.

21.

Defendants deny as pled the allegations contained in Paragraph 21 of the Complaint, and in further response, Plaintiff's statement is an incomplete reference to portions of the Stormwater Management Plan which, in its entirety and without modification, speaks for itself.

22.

Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.

Any allegation of the Complaint not admitted, denied or otherwise responded to above is hereby denied.

<u>THIRD DEFENSE</u>

Defendants are not liable to Plaintiff because Defendants breached no duty owed to Plaintiff in regard to the occurrence giving rise to this action.

<u>FOURTH DEFENSE</u>

No act or omission on the part of the Defendants caused or contributed to any of the alleged damages claimed, and therefore the Plaintiff is not entitled to recover anything from the Defendants.

<u>FIFTH DEFENSE</u>

Pending further investigation, the sole, direct and proximate cause of any injury or damage which the Plaintiff

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

may have sustained was due to the negligence of some person, persons or entity other than the Defendants and therefore the Plaintiff is not entitled to recover anything from the Defendants.

### SIXTH DEFENSE

Pending further investigation, the Complaint should be dismissed for failure to join a necessary and/or indispensable party.

### SEVENTH DEFENSE

Defendants cannot be held liable for errors or omissions in any plans, specifications, and/or inspections for the subject Project.

### EIGHTH DEFENSE

To the extent Plaintiff failed to use ordinary care to prevent or mitigate, in whole or in part, the alleged damages, if any, Plaintiff is not entitled to recover such damages.

### NINTH DEFENSE

Plaintiff's alleged damages were the result of one or more acts of God, for which this Defendant can have no liability.

### TENTH DEFENSE

The failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

right to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

ELEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1).  Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set guidelines, standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, _inter alia_, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

TWELFTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny the Defendants equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines. (U.S. Const. amend. XIV; Ga. Const. Art. 1, Section 1, Paragraph 2). Specifically, said statutes, inter alia, fail to define or provide advance notice of the prohibited behavior with reasonable clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against

themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

<u>THIRTEENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Paragraph 17).

<u>FOURTEENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of the Defendants, (2) the ratio of any punitive damages award to the actual harm

inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See, <u>BMW of North America, Inc. v. Gore</u>, 116 U.S. 415, 133 L.Ed.2d 333, 115 S. Ct. 932 (1966); <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996); <u>Pacific Mut. Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 113 L.Ed.2d 1, 111 S. Ct. 1032 (1991).

WHEREFORE, Defendants pray that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 10th day of December, 2020.

MABRY & McCLELLAND, LLP


/s/ Richard H. Hill, Jr.
Richard H. Hill, Jr., Esq.
Georgia Bar No. 354422
Attorney for Defendants

2200 Century Parkway, N.E.
Suite 1000
Atlanta, Georgia 30305
(404) 325-4800
(404) 325-0596
rhill@m-mlegal.com

**DEFENDANTS DEMAND TRIAL BY JURY OF TWELVE**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on the date indicated below, he did serve upon opposing counsel a copy of the ANSWER AND DEFENSES OF TIGER CREEK DEVELOPMENT, INC. AND DAVID ERICKSON TO PLAINTIFF'S COMPLAINT, by electronic service through PeachCourt and by placing a copy of same in the United States mail with sufficient postage affixed thereon to insure delivery to the following attorneys and parties of record:

**Attorneys for Plaintiff**

Joseph L. Waldrep, Esq.
Morgan P. Waldrep, Esq.
WALDREP, MULLIN & CALLAHAN, LLC
P.O. Box 351
Columbus, Georgia 31902
jlw@waldrepmullin.com
mpw@waldrepmullin.com

This 10th day of December, 2020.

MABRY & McCLELLAND, LLP

/S/ Richard H. Hill, Jr.
Richard H. Hill, Jr., Esq.
Georgia Bar No. 354422
Attorney for Defendants

2200 Century Parkway, N.E.
Suite 1000
Atlanta, Georgia 30305
(404) 325-4800 - telephone
(404) 325-0596 - facsimile
rhill@m-mlegal.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the date indicated below, he did serve upon opposing counsel a copy of the DEFENDANT TIGER CREEK DEVELOPMENT, INC.'S THIRD-PARTY COMPLAINT AGAINST EDDIE BROWN GRADING, LLC, by electronic service through PeachCourt and by placing a copy of same in the United States mail with sufficient postage affixed thereon to insure delivery to the following attorneys and parties of record:

**Attorneys for Plaintiff**

Joseph L. Waldrep, Esq.
Morgan P. Waldrep, Esq.
WALDREP, MULLIN & CALLAHAN, LLC
P.O. Box 351
Columbus, Georgia 31902
jlw@waldrepmullin.com
mpw@waldrepmullin.com

This 17th day of December, 2020.

/s/ Richard H. Hill, Jr.
Richard H. Hill, Jr., Esq.
Georgia Bar No. 354422
Attorney for Defendants/Third-Party Plaintiff Tiger Creek Development, Inc.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800