IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | * |
| Plaintiff, | * |
| vs. | * CASE NO. 4:21-CV-65 (CDL) |
| TIGER CREEK DEVELOPMENT, INC., DAVID ERICKSON, and CHERRY PEASE, | * |
| Defendants. | * |

O R D E R

Defendants want another bite at the proverbial apple. Having failed to persuade the Court in their first round of briefing and after final judgment has been entered in favor of Plaintiff on its declaratory judgment claim, Defendants now seek to alter/amend that judgment based upon an argument that was not mentioned in their previous response to Plaintiff's motion for summary judgment. For the following reasons, Defendants' motion (ECF No. 29) is denied.

DISCUSSION

Defendants file their motion pursuant to Federal Rule of Civil Procedure 59(e). It is well established that "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quoting *In re Kellogg*, 197

F.3d 1116, 1119 (11th Cir. 1999)).  Defendants have shown neither here.  They do not point to any newly discovered evidence, and they have failed to demonstrate how the Court erred, manifestly or otherwise.  Instead, they seek to use this motion to have this Court consider a legal argument which apparently was "newly discovered" by Defendants' counsel after final judgement was entered against counsel's clients.

Defendants are correct that the Court's previous Order did not decide whether sediment runoff into a pond constitutes a "pollutant" as defined in the applicable liability insurance policy. Order Granting Mot. for Summ. J. 8, ECF No. 26. Generally favoring an approach that only decides issues in dispute, the Court found resolution of that issue unnecessary because Defendants never argued that sediment runoff was not a pollutant.  Instead, Defendants argued that even if it was a pollutant, a finding that no coverage existed would amount to "illusory coverage," which Defendants argued was not permitted under Georgia law. *Id*. Having lost their primary (likely only) argument raised before, Defendants now claim they did dispute whether the sediment runoff is a pollutant and that they put the Court on notice of this position in their previous briefing.  In support of this argument, they point to a single line in their response brief that states "[t]he subject policy does not include rainwater, or rain, or water in its definition of 'pollutant' and one is compelled to wonder

2

what good an insurance policy is to a land developer that excludes coverage when it rains." Defs.' Resp. to Pl.'s Mot. for Summ. J. 8, ECF No. 24.  This language certainly does not strongly argue that rainwater containing sediment does not amount to a pollutant under the policy's definition of pollutant.  Quite frankly, it doesn't even suggest it.

Had Defendants taken this position, the Court could have easily disposed of it, which the Court does now in hopes of avoiding a future unnecessary remand.  Sediment runoff as alleged in the underlying complaint is a "pollutant" under Plaintiff's policy.  That policy defines pollutants as irritants or contaminants, but it does not define irritants and contaminants. The Court finds helpful decisions by other courts who have grappled with this issue.  Those courts have explained that an irritant includes "anything that annoys" and contaminant includes "something that makes 'impure or unsuitable by contact or mixture with something unclean, bad, etc.'" *Essex Ins. Co. v. H & H Land Dev. Corp.*, 525 F. Supp. 2d 1344, 1353 (M.D. Ga. 2007) (quoting *Owners Ins. Co. v. Lake Hills Home Owners Ass'n, Inc.*, No. 02-14556, 57 F. App'x 415 (Table), at *5-6 (11th Cir. Dec. 30, 2002)). In *Lake Hills*, a panel of the Eleventh Circuit used these definitions to find that sediment was a pollutant under the relevant exclusion. *Lake Hills*, 57 F. App'x 415, at *6.  Although *Lake Hills* is an unpublished opinion, it is directly on point and

the Court finds it persuasive. Accordingly, like the panel there, this Court finds that sediment runoff, as alleged in the underlying complaint, is a pollutant under the applicable policy.

The Court recognizes that Defendants' present motion likely should be denied even if the Court did not make this finding, given Defendants' failure to raise it prior to the entry of final judgment. But for the sake of judicial economy the Court makes this alternative finding in hopes of tying up all loose ends for the Court of Appeals.

CONCLUSION

For the foregoing reasons, Defendants' motion to alter or amend the final judgment (ECF No. 29) is denied.

IT IS SO ORDERED, this 28th day of June, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA